```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
LEIGH SHAFIR, on behalf of
herself and all others
similarly situated

                    Plaintiff,         OPINION

          -against-                    12 CIV 5794 (MGC)


CONTINUUM HEALTH PARTNERS, INC.
and ST. LUKE'S-ROOSEVELT HOSPITAL
CENTER

                    Defendants.

-----------------------------------X

APPEARANCES:

     HECHT, KLEEGER & DAMASHEK, PC
     Attorney for Plaintiff
     19 West 44th Street, Suite 1500
     New York, New York 10036

     By:  Jeffrey L. Koenig

     LEVIN, FISHBEIN, SEDRAN & BERMAN
     Attorney for Plaintiff
     510 Walnut Street, Suite 500
     Philadelphia, PA 19106

     By:  Daniel C. Levin

     THE LAW OFFICE OF CHRISTOPHER G. HAYES, ESQUIRE
     Attorney for Plaintiff
     225 S. Church Street
     West Chester, PA 19382

     By: Christopher Hayes

     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
     Attorneys for Defendants
     1745 Broadway, 22nd Floor
     New York, New York 10019
```

```
By:  Edward Cerasia II
     Aaron Warshaw
```

**Cedarbaum, J.**

Defendants Continuum Health Partners, Inc. and St. Luke's-Roosevelt Hospital Center ("Defendants") move to dismiss Plaintiff Leigh Shafir's Third Amended Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, I will convert that motion to one for summary judgment under Fed. R. Civ. P. 56.

Fed. R. Civ. P. 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court" on a motion under 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." Rule 12(d) addresses the "problem [that] arises when a party seeks to introduce affidavits, depositions or other extraneous documents not set forth in the complaint for the court to consider on a Rule 12(b)(6) motion." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). As the Second Circuit has noted, Rule 12(d) allows courts to "direct[] a pretrial motion to the vehicle most appropriate for its resolution," thereby "ensuring that the motion is governed by the rule specifically designed for the fair resolution of the parties' competing interests at a particular stage of the litigation." Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006).

Summary judgment "is the proper procedural device to consider matters outside the pleadings, such as facts unearthed in discovery, depositions, affidavits, statements, and any other relevant form of evidence."  Id.  It is left to my discretion whether or not to consider "matters outside the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

    Here, Plaintiff attached to the Complaint the depositions of St. Luke's employees Ken Barritt and Nicole Hargraves, and an affidavit from former employee Charles Keenan.  Defendants responded with their 12(b)(6) motion, a declaration from St. Luke's employee Ken Barritt, and a deposition of Plaintiff.  The declaration and deposition attached to Defendants' motion constitute "matters outside the pleadings."  Global Network Commc'ns, 458 F.3d at 155.  Thus, I have the option to convert the motion under Rule 12(d).  Because so much evidentiary support is already available in this case, the most efficient course of action is for me to take that evidence into consideration.  I will therefore treat Defendants' motion as one for summary judgment.  Conversion is particularly appropriate in this instance where not only do Defendants present a declaration and deposition with their 12(b)(6) motion, but Plaintiff also attaches depositions and an affidavit to the Complaint itself. See Rose v. Bartle, 871 F.2d 331, 340 n.3 (3d Cir. 1989)

(affidavit attached to complaint "constitutes a matter outside the pleading" and if not excluded when considering a Rule 12(b)(6) motion then the motion must be treated as one for summary judgment).

Defendants include within their 12(b)(6) motion an additional argument for dismissal based on what they label lack of standing. Although I may consider evidence outside the pleadings to resolve a proper jurisdictional challenge, Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000), Defendants confuse lack of standing with failure to state a claim. See Defs.' Br. at 15 ("Because Shafir has failed to allege any plausible violation of the FLSA or NYLL against her . . . she lacks standing . . . ."). Plaintiff has alleged an injury sufficient for Article III standing -- that she was an hourly employee who worked overtime for which she did not receive overtime wages. Whether Plaintiff can show that she should be classified as an hourly employee, and thus statutorily entitled to overtime pay, is a separate question, one that I will consider under the Rule 56 standard.

When converting a Rule 12(b)(6) motion to a Rule 56 motion, Rule 12(d) requires that I give the parties a "reasonable opportunity to present all the material that is pertinent to the motion." See also Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002) (upon converting a 12(b)(6) motion under Rule

4

12(d), the court must "give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56"); Sahu v. Union Carbide Corp., 548 F.3d 59, 69-70 (2d Cir. 2008) ("care should, of course, be taken by the district court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact" (internal quotation marks omitted)). Accordingly, the parties may take additional discovery by no later than December 5, 2014, and submit any supplemental supporting material to me by no later than December 15, 2014.

    SO ORDERED.

Dated:    New York, New York
           October 21, 2014

                                      S/_____
                                       MIRIAM GOLDMAN CEDARBAUM
                                    United States District Judge