UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LEIGH SHAFIR, on behalf of herself and all others  :
similarly situated,                                :
      Plaintiff,         :
                                                   :
  -against-                               :
                                                   :  12-CV-5794 (MGC-FM)
                                                   :
CONTINUUM HEALTH PARTNERS, INC. and                :
ST. LUKE'S-ROOSEVELT HOSPITAL CENTER,              :
                                                   :
      Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
# IN SUPPORT OF THEIR SUMMARY JUDGMENT MOTION

Dated: New York, New York
   September 1, 2015

Edward Cerasia II
Alison L. Tomasco
CERASIA & DEL REY-CONE LLP
150 Broadway, Suite 1517
New York, New York 10038
646.525.4235

Attorneys for Defendants

## **TABLE OF CONTENTS**

 **Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    SHAFIR CONCEDES THAT SLR NEVER IMPERMISSIBLY
    DEDUCTED FROM HER SALARY AND SHE HAS FAILED TO
    PROVE ANY VIOLATION OF THE SALARY BASIS TEST OR
    ANY ACTUAL PRACTICE OF DEDUCTIONS FROM SALARY ...................................... 3

CONCLUSION ............................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anani v. CVS RX Servs., Inc.*, 788 F. Supp. 2d 55 (E.D.N.Y. 2011) ....................................... 5, 6-7

*Auer v. Robbins*, 519 U.S. 452 (1997) ..............................................................................4, 5, 6

*Coleman-Edwards v. Simpson*, 330 Fed. Appx. 218 (2d Cir. 2009).................................................4

*Kelly v. City of New York*, 2000 WL 1154062 (S.D.N.Y. 2000) .......................................................5

*Martinez v. Hilton Hotels, Corp.*, 2013 WL 1087211 (S.D.N.Y. 2013)................................. 7-8, 9

*McLean v. Garage Mgmt. Corp.*, 819 F. Supp. 2d 332 (S.D.N.Y. 2011).................................... 8-9

*Mota v. Imperial Parking Sys.*, 2010 WL 3377497 (S.D.N.Y. 2010)...............................................5

*Quinones v. PRC Mgmt. Co. LLC*, 2015 U.S. Dist. LEXIS 88029 (S.D.N.Y. 2015) ............5, 7, 10

*Stein v. Guardsmark, LLC*, 2013 WL 3809463 (S.D.N.Y. 2013)...............................................8, 10

*Strait v. Belcan Eng'g Grp., Inc.*, 911 F. Supp. 2d 709 (D. Ill. 2012)............................................11

*Yourman v. Giuliani*, 229 F.3d 124 (2d Cir. 2000)................................................................. 4-5, 6

**REGULATIONS**

29 C.F.R. § 541.602(a).....................................................................................................................4

29 C.F.R. § 541.603(a)...............................................................................................................4, 5, 7

29 C.F.R. § 541.603(b) ...................................................................................................................11

29 C.F.R. § 541.603(c).....................................................................................................................10

29 C.F.R. § 541.603(e).....................................................................................................................11

**PRELIMINARY STATEMENT**

In accordance with the Court's Opinion, dated October 21, 2014 and the briefing scheduled endorsed by the Court, defendants Continuum Health Partners, Inc. ("Continuum") and St. Luke's-Roosevelt Hospital Center ("SLR," and with Continuum, the "Defendants") respectfully submit this supplemental memorandum of law in further support of their motion for summary judgment seeking the dismissal of plaintiff Leigh Shafir's ("Shafir's") Third Amended Class Action Complaint (the "Third Amended Complaint") alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). As demonstrated below and in the Defendants' prior submissions, the undisputed record shows that SLR paid Shafir (and other Physician Assistants ("PAs")) on a salary basis, and thus she has no viable claims.

In September 2013, the Defendants filed their Rule 12(b)(6) motion to dismiss the Third Amended Complaint. After the parties fully briefed that motion, the Court held oral argument on April 1, 2014. At the oral argument, it was undisputed that Shafir did not suffer any actual deduction from her salary, as she admittedly was paid every two-week pay period on a salary basis without any impermissible deductions. (Shafir Dep. at 50-52, *see also id*. at 18-43; Defs.' Memorandum of Law in Support of Their Motion to Dismiss ("Defs.' Mem.") at 4-5.)[1] Consequently, the Court ordered the parties to submit their "best case" regarding the second prong of the applicable test for determining whether there is a violation of the salary basis test, namely: whether Shafir has alleged a "significant likelihood" that there exists a "clear and particularized policy . . . which effectively communicates that deductions will be made in

---

[1] The deposition transcripts cited in this memorandum were previously submitted to the Court in connection with the Defendants' Rule 12(b)(6) motion.

specified circumstances." (Docket Entry No. 28.) Thereafter, the parties submitted their respective letters and "best case" to the Court. (Docket Entry Nos. 28 and 29.)

On October 21, 2014, the Court issued its Opinion, in which the Court converted the Defendants' Rule 12(b)(6) motion into one for summary judgment, and also permitted the parties to take additional discovery and submit supplemental supporting materials in connection with the motion. (Docket Entry No. 31.) Shafir sought discovery of all employment files for the PAs employed by SLR, and Defendants objected to that request as overly broad and outside the scope of discovery that previously was limited to Shafir's claims only. Consequently, Shafir filed an application with the Court seeking to compel such discovery from Defendants. (Docket Entry Nos. 33-36.) Thereafter, on January 20, 2015, the Court granted in part Shafir's application to compel discovery and ordered the Defendants to produce to Shafir certain payroll-related records for the PAs employed by SLR during the time period of August 2008 through February 2010. (1-20-15 Minute Entry on Docket Sheet.)

Defendants complied with the Court's discovery ruling and produced to Shafir the bi-weekly payroll records for fifty-six (56) PAs covering that time period. (Supplemental Declaration of Edward Cerasia II, Esq., dated September 1, 2015 ("Cerasia Supp. Decl."), ¶ 2.) Defendants also produced the time records for 21 of those PAs. (*Id.*, ¶ 3.) Shafir's counsel subsequently identified only one of those PAs – identified as "M.K." to protect her privacy – who experienced inadvertent deductions to her salary on three separate occasions during the first few months of her employment at SLR in the Fall of 2008, totaling $378.59. (*Id.*, ¶ 4; Declaration of Lucelenia Andujar ("Andujar Decl."), ¶¶ 3-7 & Ex. A.)[2] After SLR learned about

---

[2] Defendants produced a copy of the Andujar Declaration, with Exhibit A (which was previously produced), to Shafir's counsel on July 21, 2015. (Cerasia Supp. Decl., ¶ 3.)

2

these inadvertent deductions, it reimbursed M.K. in full ($378.59) for those deductions. (Declaration of Irina Markel ("Markel Decl."), ¶¶ 2-4 & Exs. A-B.)[3]

Thus, in the end, discovery has shown that SLR did not violate the salary basis test because it did not make any deductions from Shafir's salary during her employment *and* that SLR does not have an "actual practice" or "clear and particularized policy" of making deductions from its PAs' salary. Consequently, Shafir has given this Court no choice but to grant summary judgment dismissing her claims in the Third Amended Complaint.

## ARGUMENT

### SHAFIR CONCEDES THAT SLR NEVER IMPERMISSIBLY DEDUCTED FROM HER SALARY AND SHE HAS FAILED TO PROVE ANY VIOLATION OF THE SALARY BASIS TEST OR ANY ACTUAL PRACTICE OF DEDUCTIONS FROM SALARY

Despite the Court's admonition at the July 11, 2013 conference that Shafir must allege that *she* suffered injury on the basis of the Defendants' alleged policy, (*see* Defs.' Mem. at 3), she now asserts that a mere stated policy is sufficient to show that she was treated as a non-exempt employee, (Third Am. Compl., ¶¶ 31-33). Specifically, Shafir asserts that, "in the absence of evidence the particular employee had deductions of pay for hours worked less than 40 hours, if there is a clear and particularized policy which effectively communicates that deductions will be made, such as Defendants' policy herein, the employee is entitled to time and a half for overtime." (Third Am. Compl., ¶ 33.) That assertion grossly misstates the applicable law because a mere metaphysical *reservation of the right* to deduct from an exempt employee's salary does not convert that person into a non-exempt employee under the salary basis test absent proof of *actual* deductions. Simply put, Shafir has failed to prove that SLR "has an *actual*

---

[3]   Defendants produced a copy of the Markel Declaration, with Exhibits A and B, to Shafir's counsel on August 20, 2015. (Cerasia Supp. Decl., ¶ 4.)

*practice* of making improper deduction," and thus cannot prove that SLR "did not intend to pay [her or other PAs] on a salary basis," as she must do under the controlling case law and regulations. 29 C.F.R. § 541.603(a) (emphasis added).[4] Consequently, summary judgment in favor of the Defendants is warranted.

Shafir was paid on a "salary basis" because, each two-week pay period, she admittedly received "a predetermined amount constituting all or part of [her] compensation, which amount [was] not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a); *see* Defs.' Mem. at 4-5. The fact that there were no deductions to Shafir's salary conclusively dooms her claims because she cannot show any "actual practice" or "clear and particularized policy" to reduce her regular, bi-weekly salary. *E.g.*, *Coleman-Edwards v. Simpson*, 330 Fed. Appx. 218, 220 (2d Cir. 2009) (summary order affirming dismissal of overtime claim where plaintiff cited only isolated pay deduction and threats to dock pay, which fell "well short of establishing a clear and particularized policy" to deduct) (citing 29 C.F.R. § 541.602(a) and *Auer v. Robbins*, 519 U.S. 452, 455 (1997)); *Yourman*

---

[4]  29 C.F.R. § 541.603(a) states in full as follows:

> (a) An employer who makes improper deductions from salary shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis. An actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis. The factors to consider when determining whether an employer has an actual practice of making improper deductions include, but are not limited to: the number of improper deductions, particularly as compared to the number of employee infractions warranting discipline; the time period during which the employer made improper deductions; the number and geographic location of employees whose salary was improperly reduced; the number and geographic location of managers responsible for taking the improper deductions; and whether the employer has a clearly communicated policy permitting or prohibiting improper deductions.

*v. Giuliani*, 229 F.3d 124, 130 (2d Cir. 2000);[5] *see also Anani v. CVS RX Servs., Inc.*, 788 F. Supp. 2d 55, 56 (E.D.N.Y. 2011) (plaintiff's speculation regarding improper deductions was insufficient to support overtime claim because evidence of a "clear and particularized policy" was required); *Mota v. Imperial Parking Sys.*, 2010 WL 3377497, at *10 (S.D.N.Y. 2010) (employee must point to specific practice of unauthorized deductions or an employment policy that creates "significant likelihood of such deductions" to substantiate a claim for change to exempt status).  Such a showing requires Shafir to prove not only the existence of a written policy, but also "consideration of [numerous] factors such as the number of times that other forms of discipline are imposed, the number of employee infractions warranting discipline, . . . and the degree of discretion held by the disciplining authority." *Yourman*, 229 F.3d at 130; 29 C.F.R. § 541.603(a) (noting similar factors to demonstrate impermissible deductions, including that the plaintiff must share the same supervisor as any other employee who experienced a deduction).  As such, Shafir must prove more than the mere possibility of a deduction. *Auer*, 519 U.S. at 461-62.  Moreover, it is well-established that one or even a few deductions does not establish an "actual practice" by an employer. *E.g.*, *Quinones v. PRC Mgmt. Co. LLC*, 2015 U.S. Dist. LEXIS 88029, at *10-11 (S.D.N.Y. 2015) ("The one-time reduction does not give rise to the inference that [the employer] did not intend to pay Plaintiff on a salary basis…"); *Kelly v. City of New York*, 2000 WL 1154062, at *10 (S.D.N.Y. 2000) (citing cases in which isolated incidents, even if improper, did not establish "actual practice" of making unlawful deductions).

---

[5]    Shafir cites *Yourman* with approval in her Third Amended Complaint.  (Third Am. Compl., ¶ 33.)  In doing so, she conveniently ignores the Second Circuit's admonition that courts should examine whether a defendant had an "actual practice" of making impermissible pay deductions. *Yourman*, 229 F.3d at 129-31.

5

Applying these legal principles, it is clear that Shafir has failed to prove a violation of the salary basis test, and therefore summary judgment in favor of the Defendants is warranted.

*Yourman v. Giulliani*, 229 F.3d 124 (2d Cir. 2000), is dispositive in this respect. There, the plaintiffs argued that they were not paid on a salary basis because the City's policies "permit[ed] pay deductions from employee compensation," as well as because of "admissions by the employers that [exempt] managerial employees were subject to disciplinary deductions and that, at least in rare instances, such deductions were made." *Id.* at 126, 129. In rejecting those arguments, which are similar to the arguments advanced by Shafir with respect to SLR's policy, the Second Circuit held that, "[e]ven assuming those facts to be true, the [plaintiffs] have shown only that such deductions *were permitted*, *not that they would 'in fact be made in specified circumstances*.'" *Id.* at 129 (emphasis added; citing *Auer*, 519 U.S. at 461). Therefore, the Circuit affirmed the district court's grant of summary judgment in favor of the City-defendant on the issue of whether there was a clear and particularized policy that deductions will be made. Defendants respectfully submit that *Yourman* and the cases cited below are dispositive of the same issue in this lawsuit.

*Anani v. CVS RX Servs., Inc.*, 788 F. Supp. 2d at 65, is equally damaging to Shafir's claims. There, Judge Spatt dismissed plaintiff's FLSA claim because the plaintiff "was unable to point to any rule, practice, or example based on personal experience that provided the basis for his belief" that he would only be paid for the hours that he worked. Judge Spatt thus held, in words equally dispositive of Shafir's claims, that:

> Not only is [plaintiff's] speculation insufficient to raise an issue of fact . . ., but even accepted as true, where there is no evidence of actual deductions, *an independent belief that improper deductions would be made falls well short of establishing a clear and particularized policy*.

\*   \*   \*

> Accordingly, because the payment records reflect a calculation method that is not inconsistent with a salary basis of payment, and because there is no evidence that the Plaintiff was or would have been subject to improper deductions, the Court finds that there is no genuine issue of fact as to whether the Plaintiff's compensation satisfied the salary basis test . . . .

*Id.* (emphasis added).  As in *Anani*, a case cited with approval by Shafir, (Third Am. Compl., ¶ 33), Shafir also failed to prove that she ever suffered from any improper deductions, (Defs.' Mem. at 4-5).

Three recent decisions in this District further demonstrate that Shafir's allegations about a purported actual practice or clear and particularized policy that deductions from salary will be made, (Third Am. Compl., ¶ 33), have no merit.  In *Quinones v. PRC Mgmt. Co. LLC*, 2015 U.S. Dist. LEXIS 88029, at *4 (S.D.N.Y. 2015), the plaintiff alleged that a one-time reduction in her salary, as well as her employer's policy that it "could" deduct from her pay, constituted violations of the salary basis test under the FLSA.  Judge Caproni granted the defendants' Rule 12(b)(6) motion dismissing that claim.  *Id*. at *10-11.  In doing so, Judge Caproni held that a one-time deduction does not show that PRC failed to pay plaintiff on a salary basis.  *Id*. at *11. Judge Caproni also rejected the plaintiff's reliance on PRC's policy concerning a possible deduction, stating that "even if PRC's partial-day leave policy reflect a policy that *could* result in improper deductions, the Amended Complaint fails to allege an *actual practice* of making improper deductions, or that any such improper deductions resulted in employees not receiving overtime pay to which they would be entitled as non-exempt employees."  *Id*. (emphasis in original; citing 29 C.F.R. § 541.603(a)).

Similarly, in *Martinez v. Hilton Hotels, Corp.*, 2013 WL 1087211, at *9 (S.D.N.Y. 2013), the plaintiffs alleged, *inter alia*, that the defendant's policy was to threaten suspension without pay, notwithstanding their testimony that they received weekly paychecks consistent with their

7

salary. In rejecting plaintiffs' argument that those threats violated the salary basis test, Magistrate Judge Cott aptly held that:

salary. In rejecting plaintiffs' argument that those threats violated the salary basis test, Magistrate Judge Cott aptly held that:

> [T]he boilerplate warning in the Hotel's corrective action form [does not] suggest that the Hotel had either an 'actual practice' of making improper deductions, or a policy creating a 'significant likelihood' that improper deductions would be made. The language cited by Plaintiffs does not threaten employees with pay reductions based on the quality or quantity of work performed; it reasonably warns employees that a failure to correct the disciplinary or performance issue could result in suspension and/or termination. There is no indication that Plaintiffs interpreted this language as a threat to reduce their pay, and – the single disciplinary suspension of Fazylova aside – nothing to suggest that Defendants docked (or threatened to dock) Plaintiffs' pay based on how many rooms they inspected or how well they inspected such rooms.

*Id.* at *10.

In *Stein v. Guardsmark, LLC*, 2013 WL 3809463, at *4 (S.D.N.Y. 2013), the plaintiff alleged that, even though she was paid her regular salary each week, she was not paid on a salary basis because, *inter alia*, "on a single occasion, [her supervisor] told her that she had to pay a co-worker to fill her role for an hour while she was away." In the plaintiff's view, that incident showed "that she was an hourly employee, the rank and file, and that if she chose to work fewer hours than he desired, she would be penalized." *Id*. at *6. Judge Oetken, however, concluded that this single incident did not give rise to a violation of the salary basis test. *Id*. at *6-7. Indeed, Judge Oetken noted that "courts have looked skeptically on single-incident docking of pay as proof that an employer did not intend to pay an employee on a salary basis." *Id*. at *6 (collecting cases).[6]

---

[6] The cases cited by Shafir in her Third Amended Complaint are distinguishable and, in fact, support the Defendants' position. (Third Am. Compl., ¶¶ 32, 33.) In *McLean v. Garage Mgmt. Corp.*, 819 F. Supp. 2d 332, 334 (S.D.N.Y. 2011), the employees in question were required to punch in and out of a time clock, and their pay records "reflected an hourly rate for straight time wages for all hours shown on the records created by the time clocks." Judge Cote thus concluded that the employees "did not receive a salary each month. Instead, their pay was adjusted to reflect the hours that they had worked during a pay period and regularly fluctuated

8

*Yourman*, *Quinones*, *Martinez* and *Stein* make plain that Sharif has failed to prove any violation of the salary basis test with respect to herself or any other PA. Indeed, Shafir concedes that SLR never docked her salary due to lateness or for any other impermissible reason. (Defs.' Mem. at 4-5.) Shafir admits that she consistently received at least 1/26th of her salary each two-week pay period. (*Id*.) Shafir also has failed to prove that any policy existed to treat her (or any other PA) as a non-salaried employee beyond merely alleging a speculative possibility that her "[p]ay *may* be docked for lateness." (Third Am. Compl., Ex. 1) (emphasis added). But that supposed policy did not create any significant likelihood of deductions because, at SLR, if PAs or other salaried employees "show up to work, they get paid for the day." (Barritt Dep. at 23.) Shafir's own pay records show that to be true. Shafir – who now has had the benefit in discovery of receiving all of the bi-weekly payroll reports for 56 other PAs at SLR – has thus failed to prove either an "actual practice" of making improper deductions, or a policy creating a "significant likelihood" that improper deductions would be made. *Martinez*, 2013 WL 1087211, at *10. Because Shafir failed to prove any violation of the salary basis test, summary judgment should be granted.

Notably, out of 56 other PAs employed at SLR between August 2008 and February 2010, Shafir can point to only *one* PA (who is identified as M.K. to protect her privacy) who experienced an *inadvertent* deduction in her salary on three separate occasions during the start of her employment, totaling only $378.59. (*See* Andujar Decl., ¶¶ 3-7; Markel Decl., ¶ 2 & Exs. A-B.) Those isolated deductions for one PA in one department – *for which M.K. was reimbursed in full*, (Markel Decl., ¶¶ 2-4 & Exs. A-B), do not establish any actual practice or policy of

---

because of that calculation." *Id*. at 338. In contrast, SLR never docked Shafir's pay or deducted from her salary, and her pay did not fluctuate based on the number of hours that she worked within a given day. (*See* Defs.' Mem. at 4-5.)

9

deductions at SLR. *E.g.*, *Quinones*, 2015 U.S. Dist. LEXIS 88029, at *10-11 ("The one-time reduction does not give rise to the inference that [the employer] did not intend to pay Plaintiff on a salary basis…"); *Stein*, 2013 WL 3809463, at *6 ("courts have looked skeptically on single-incident docking of pay as proof that an employer did not intend to pay an employee on a salary basis"); 29 C.F.R. § 541.603(c) ("Improper deductions that are either isolated or inadvertent will not result in loss of the exemption for any employees subject to such improper deductions, if the employer reimburses the employees for such improper deductions."). Thus, M.K. did not lose her exempt status during those pay periods in 2008 and, regardless, there was no violation of the overtime provisions of the FLSA or NYLL because M.K. was paid for all time she worked and was not entitled to overtime during those pay periods, given that she worked less than 40 hours per week, (*see* Markel Decl., Ex. A; Andujar Decl., ¶ 6 & Ex. A). *Quinones*, 2015 U.S. Dist. LEXIS 88029, at *10-11 (where plaintiff did not work over 40 hours in a week, the court dismissed her FLSA claim, stating: "even assuming that a one-time reduction means the employee is non-exempt for that pay period, Plaintiff has failed to state a cause of action because there is no allegation that she worked more than 40 hours in any week during that pay period)"). Accordingly, Shafir cannot rely on the inadvertent deductions to M.K.'s pay to support her claims.

In any event, Shafir cannot rely on the isolated deductions to M.K.'s salary in the Fall of 2008 because Shafir and M.K. worked in different departments and did not report to the same manager for timekeeping: Sharif worked on the stroke team in the Neurology Department, while M.K. worked in the Neurosurgery Department, (Shafir Dep. at 11; Andujar Decl., ¶ 2); and Shafir's timekeeper was Lucy Lozada, whereas Andujar has been the timekeeper for M.K., (Shafir Dep. at 15; Andujar Decl., ¶ 3). These facts further doom Shafir's position that she was

not paid on a salary basis because of isolated deductions to M.K.'s salary.  *See* 29 C.F.R. § 541.603(b) ("If the facts demonstrate that the employer has an actual practice of making improper deductions, the exemption is lost during the time period in which the improper deductions were made for employees in the same job classification *working for the same managers responsible for the actual improper deductions.  Employees in different job classifications or who work for different managers do not lose their status as exempt employees*.") (emphasis added)[7]; *Strait v. Belcan Eng'g Grp., Inc.*, 911 F. Supp. 2d 709, 722 (N.D. Ill. 2012) ("Under the FLSA, '[e]mployees in different job classifications or who work for different managers do not lose their status as exempt employees' based upon improper deductions that one employee experiences.") (quoting 29 C.F.R. § 541.603(b)).

For each of these reasons, the Court should grant summary judgment in favor of the Defendants and dismiss the Third Amended Complaint.

## CONCLUSION

For the foregoing reasons and those set forth in the Defendants' prior submissions to the Court, the Defendants respectfully request that the Court grant summary judgment dismissing the

---

[7]   Notably, the U.S. Department of Labor regulations make clear that 29 C.F.R. § 541.603 "shall not be construed in an unduly technical manner so as to defeat the exemption."  29 C.F.R. § 541.603(e).  This directive further shows that there is no basis for Shafir to claim she was not paid on a salary basis or that she was a non-exempt employee under the law.

Third Amended Complaint in its entirety, and award to the Defendants such other and further relief as the Court deems appropriate, including their attorneys' fees and costs.

Dated: New York, New York
       September 1, 2015

                Respectfully submitted,

                CERASIA & DEL REY-CONE LLP

                By /s Edward Cerasia II
                  Edward Cerasia II
                  Alison L. Tomasco
                150 Broadway, Suite 1517
                New York, New York 10038
                646.525.4235

                Attorneys for Defendants
                 *Continuum Health Partners, Inc.* and
                 *St. Luke's-Roosevelt Hospital Center*