UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEIGH SHAFIR, on behalf of herself and all others
similarly situated,

                            Plaintiff,

                -against-

                                               12-CV-5794 (KBF-FM)

CONTINUUM HEALTH PARTNERS, INC. and
ST. LUKE'S-ROOSEVELT HOSPITAL CENTER,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' RESPONSE TO PLAINTIFF'S LIMITED RESPONSE
TO DEFENDANTS' MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Dated: New York, New York
       December 15, 2015

Edward Cerasia II
Alison L. Tomasco
CERASIA & DEL REY-CONE LLP
150 Broadway, Suite 1517
New York, New York 10038
646.525.4235

Attorneys for Defendants
*Continuum Health Partners, Inc.*
and *St. Luke's-Roosevelt Hospital Center*

## ARGUMENT

The Defendants respectfully submit this response to Plaintiff's Limited Response to Defendants' Reply Memorandum of Law in Further Support of Their Summary Judgment Motion" ("Limited Response" or "Pl.'s Limited Mem.").[1]

On December 10, 2015 – almost three months after the parties simultaneously submitted their opposition responses to the parties' supplemental opening briefs in accordance with Judge Cedarbaum's scheduling order and without leave of the Court – Shafir submitted her Limited Response taking issue with the following footnote in the Defendants' September 18, 2015 brief:

> Shafir's contention that SLR violated the salary basis test can be asserted under the FLSA only, because, under the NYLL, employers do not have to comply with the salary basis test for professionally exempt employees like Shafir or the PAs.  *Gordon v. Kaleida Health*, 299 F.R.D. 380, 388-89 (W.D.N.Y. 2014) ("Under the FLSA, an employee must satisfy both a 'salary basis' test and a 'duties' test to be considered an exempt professional. . . . New York, in contrast, requires only a duties test – the professional exemption has no salary requirement whatsoever.  12 N.Y.C.R.R. § 142-2.14(c)(4)(iii).").  Thus, the Court should grant summary judgment dismissing the NYLL claims in the Third Amended Complaint on this ground alone.

(Defs.' Mem. at 2 n.2.)  While Shafir cites to a 2010 decision in the Western District of New York, which reached a different conclusion than the court in *Kaleida Health*, (Pl.'s Limited Mem. at 3), her Limited Response ignores the fact that 12 N.Y.C.R.R. § 142-2.14(c)(4)(iii) specifically excludes reference to the salary basis test for professionally exempt employees, but does include the salary basis test requirement for employees who are exempt executive or administrative employees.

---

[1]    The abbreviated and capitalized terms used in this reply are defined in "Defendants' Memorandum of Law in Support of Their Motion to Dismiss" ("Defs.' Mem.") and "Defendants' Supplemental Memorandum of Law in Support of Their Summary Judgment Motion" ("Defs.' Supp. Mem.").

The regulation states as follows:

(c)  Employee also does not include any individual permitted to work in, or as:

(4)  Executive, administrative or professional capacity.

(i)  Executive. Work in a bona fide executive capacity means work by an individual:

(a)  whose primary duty consists of the management of the enterprise in which such individual is employed or of a customarily recognized department or subdivision thereof;

(b)  who customarily and regularly directs the work of two or more other employees therein;

(c)  who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight;

(d)  who customarily and regularly exercises discretionary powers; and

(e)  who is paid for his services a salary of not less than:

(1)  $ 536.10 per week on and after January 1, 2007, inclusive of board, lodging, other allowances and facilities;

(2)  $ 543.75 per week on and after July 24, 2009, inclusive of board, lodging, other allowances and facilities;

(3)  $ 600.00 per week on and after December 31, 2013, inclusive of board, lodging, other allowances and facilities;

(4)  $ 656.25 per week on and after December 31, 2014, inclusive of board, lodging, other allowances and facilities;

(5)  $ 675.00 per week on and after December 31, 2015, inclusive of board, lodging, other allowances and facilities.

(ii)  Administrative. Work in a bona fide administrative capacity means work by an individual:

>  (a)  whose primary duty consists of the performance of office or nonmanual field work directly related to management policies or general operations of such individual's employer;
>
>  (b)  who customarily and regularly exercises discretion and independent judgment;
>
>  (c)  who regularly and directly assists an employer, or an employee employed in a bona fide executive or administrative capacity (e.g., employment as an administrative assistant); or who performs, under only general supervision, work along specialized or technical lines requiring special training, experience or knowledge; and
>
>  (d)  who is paid for his services a salary of not less than:
>
>> (1)  $ 536.10 per week on and after January 1, 2007, inclusive of board, lodging, other allowances and facilities;
>>
>> (2)  $ 543.75 per week on and after July 24, 2009, inclusive of board, lodging, other allowances and facilities;
>>
>> (3)  $ 600.00 per week on and after December 31, 2013, inclusive of board, lodging, other allowances and facilities;
>>
>> (4)  $ 656.25 per week on and after December 31, 2014, inclusive of board, lodging, other allowances and facilities;
>>
>> (5)  $ 675.00 per week on and after December 31, 2015, inclusive of board, lodging, other allowances and facilities.

(iii)  Professional. Work in a bona fide professional capacity means work by an individual:

>  (a)  whose primary duty consists of the performance of work: requiring knowledge of an advanced type in a field

3

> of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual or physical processes; or original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination or talent of the employee; and

> (b)  whose work requires the consistent exercise of discretion and judgment in its performance; or

> (c)  whose work is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical or physical work) and is of such a character that the output produced or the result accomplished cannot be standardized in relation to a given period of time.

12 N.Y.C.R.R. § 142-2.14.  The lack of a salary requirement in the NYLL for professionally exempt employees – such as Shafir – is dispositive.  *Kaleida Health*, 299 F.R.D. at 388-89 (concluding that a salary requirement "is inconsistent with the NYLL's plain text" and stating that "Plaintiffs offer no authority for interposing a salary requirement where none is otherwise evident").  While the Defendants argued that the Court should dismiss Shafir's NYLL claim on this ground alone, Defendants also made clear in all of their submissions that Shafir has failed to show any violation of the salary basis test, which warrants summary judgment on her FLSA and NYLL claims.

Shafir's position that the Defendants' raised this argument for the first time in their "reply brief" is a play on words.  Although the Defendants' named their September 18 brief as a "reply brief," the brief was an opposition in response to Shafir's September 1, 2015 supplemental opening brief.  Therefore, it was appropriate for Defendants to include the argument in that brief. In any event, the *In re Worldcom* case that Shafir cites in her Limited Response for the

4

proposition that "this 'court need not consider arguments raised for the first time in a reply brief,'" (Pl.'s Limited Mem. at 2), does not prevent this Court from exercising its broad discretion to consider the Defendants' argument that there is no salary basis test requirement under the NYLL for professionally exempt employees.  Defendants submit that it would be a waste of judicial resources for the Court to ignore this dispositive argument at this stage in the lawsuit, or to consider it at a later time, as Shafir cannot (and does not) argue that Defendants have "waived" this argument forever.  *Ford v. McGinnis*, 352 F.3d 582, 595 n.14 (2d Cir. 2003) (rejecting plaintiff's argument that defendant waived defenses not presented in summary judgment motion, stating:  "We, however, cannot agree as defendants were not required to raise every potential legal argument in their motion for summary judgment.").

Moreover, Shafir's reliance on *Whelehan v. Bank of Am. Pension Plan for Legacy Complaints-Fleet-Traditional Benefit*, 2015 Wl 6603417, at *1 n.1 (2d Cir. Oct. 30, 2015), is misplaced.  The ruling in *Whelehan* that the Second Circuit will not consider an argument raised for the first time in an appellate brief relies upon *Knipe v. Skinner*, 999 F.2d 708, 710-11 (2d Cir. 1993), which makes clear that a party cannot raise arguments for the first time in an appellate reply brief when those arguments were not presented to the district court and were not included in the appellant's Statement of Issues on appeal.  Nothing in *Whelehan* precludes this Court from addressing Defendants' argument in footnote 2.

For these reasons, the Court should address the Defendants' argument and conclude that the NYLL does not have a salary requirement for professionally exempted employees.

## CONCLUSION

For these reasons and all of the reasons set forth in the Defendants' prior submissions, the Court should grant summary judgment dismissing the Third Amended Complaint in its entirety

because the undisputed record demonstrates that SLR did not make any deductions from Shafir's salary at any time, and that Shafir has wholly failed to prove that SLR has an actual practice of making improper deductions from salary or a significant likelihood that such deductions will be made.

Dated: New York, New York
      December 15, 2015

                        Respectfully submitted,

                        CERASIA & DEL REY-CONE LLP

                        By /s Edward Cerasia II
                           Edward Cerasia II
                           Alison L. Tomasco
                        150 Broadway, Suite 1517
                        New York, New York 10038
                        646.525.4235

                        Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 15, 2015, a copy of the foregoing Defendants'

Response to Plaintiff's Limited Response to Defendants' Reply Memorandum of Law in Further

Support of Their Motion for Summary Judgment was served by electronic case filing on all

counsel of record in this case.

/s Edward Cerasia II
Edward Cerasia II
